**Raymond A. GROOM and Harold E. Hall, Jr., d/b/a Midwest City Cycle Sales & Service, a partnership, Plaintiffs,**

v.

**KAWASAKI MOTORS CORP., USA, Defendant.**

**Civ. No. 71–246.**

United States District Court,
W. D. Oklahoma,
Civil Division.

March 15, 1972.

———◆———

Murray Cohen, Oklahoma City, Okl., for plaintiffs.

Lynn J. Bullis, Jr., Glenn H. Grubb, Oklahoma City, Okl., for defendant.

## MEMORANDUM OPINION

DAUGHERTY, District Judge.

The Court has under consideration the Defendant's Motion for Summary Judgment to which the Plaintiffs have responded. The Motion has been fully briefed and oral arguments have been received by the Court.

Plaintiffs filed an application with the Oklahoma Motor Vehicle Commission (Commission) to revoke or suspend the license of the Defendant to do business in Oklahoma as a manufacturer of motor vehicles pursuant to 47 O.S.A. § 565(j) (4).[1] After a hearing the Commission denied the application. Plaintiffs did not pursue the appeal therefrom provided by Statute and the determination of the Commission is final.

Thereafter pursuant to the above-mentioned Statute and 47 O.S.A. § 572 (a venue Statute) Plaintiffs brought an action to recover damages against said Defendant in the District Court of Oklahoma County, Oklahoma. This action was properly removed to this Court by the Defendant on diversity grounds.

Defendant's Motion For Summary Judgment requests the Court to apply the principles of res judicata or estoppel by judgment to bar the Plaintiffs' action

pending herein. It is the Defendant's contention that the disputed fact issues which would warrant the Commission to revoke or suspend the Defendant's license under 47 O.S.A. § 565(j) (4) are the identical fact issues which would permit Plaintiffs to recover damages herein. Such issues, which arise out of a statutorily created cause or causes of action have to do with whether the Defendant failed to renew the expired franchise agreement[2] it had with the Plaintiffs unfairly and without just provocation or without due regard to the equities of the dealer (Plaintiffs) or without good faith. Defendant further contends that the proceeding before the Commission regarding Plaintiffs' application to revoke or suspend Defendant's license was conducted by the Commission in a judicial capacity with the parties having had an adequate opportunity to litigate the disputed issues of fact.

Plaintiffs argue that such proceeding before the Commission was not conducted in a judicial capacity but rather was an administrative determination. Plaintiffs urge that the doctrines of res judicata or estoppel by judgment should not be applied in the circumstances of this case.

The Court finds and concludes that the Defendant's Motion for Summary Judgment should be granted. The right of Plaintiffs under 47 O.S.A. §

---

1. Pertinent parts of this Statute provide as follows:

   " § 565. Grounds for denying revoking or suspending licenses.

   The commission may deny an application for a license, or revoke or suspend a license after it has been granted, for any of the following reasons:

   (j) Being a manufacturer of motor vehicles, distributor, wholesaler, distributor branch or factory branch, or officer, agent or other representative thereof, who:

   (4) Has attempted to or has cancelled or failed to renew the franchise agreement of any motor vehicle dealer in this state unfairly and without just provocation or without due regard to the equities of the dealer or without good faith, as defined herein. Upon such cancellation or failure to renew a fran-

   chise agreement, the party cancelling or failing to renew the franchise agreement shall compensate the dealer for his damages including attorney's fees as aforesaid, resulting from the cancellation or failure to renew the franchise agreement. As used herein, 'good faith' means the duty of each party to any franchise agreement to act in a fair and equitable manner toward each other, with freedom from coercion or intimidation or threats thereof from each other."

2. Plaintiffs, by transfer, had a dealer's franchise from Defendant for a fixed term. The term expired. Defendant did not renew the franchise. There was no contractual obligation in the franchise to renew same.

565(j) (4) to seek revocation or suspension of Defendant's license before the Commission and their right to seek damages against the Defendant are statutorily created rights provided by the Oklahoma Motor Vehicle Commission Act. 47 O.S.A. § 561 et seq. The right to obtain the revocation or suspension of Defendant's license before the Commission under 47 O.S.A. § 565(j) (4) and the right to recover damages herein against the Defendant under the same Statute are based on identical statutory grounds, namely, Defendant's failure to renew the expired franchise agreement with the Plaintiffs unfairly and without just provocation or without due regard of the equities of the Plaintiffs or without good faith. And the Court is convinced that the proceeding before the Commission was conducted by the Commission in a judicial capacity. 47 O.S.A. § 566 prescribes the procedure for such hearing. It is required under such Statute that written notice specifying the reasons for revocation or suspension should be served on the person against whom the application is lodged. The Commission has the power to compel the production of records and papers bearing upon the Complaint. The Commission has the power to subpoena and bring before it any person in this State. It also has the authority to take the testimony of any such person by deposition. Fees and mileage are allowed in the same manner as prescribed by law for judicial proceedings before Courts of the State of Oklahoma in civil cases. Any party to such application and hearing thereon has the right to the attendance of witnesses and an attorney. An appeal is provided from the decision of the Commission to the District Court of Oklahoma County with a de novo hearing provided. It is admitted that at the hearing before the Commission with which we are involved both sides were represented by attorneys, the same attorneys that now appear in this case, and opening statements, evidence, both by testimony of witnesses and documents, and arguments were presented. The Court is therefore convinced that such proceeding before the Commission was conducted in a judicial capacity.

In United States v. Utah Constr. & Min. Co., 384 U.S. 394, 86 S.Ct. 1545, 16 L.Ed.2d 642 (1966), the Supreme Court of the United States expressed its view as follows:

"Occasionally courts have used language to the effect that res judicata principles do not apply to administrative proceedings, but such language is certainly too broad. When an administrative agency is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, the courts have not hesitated to apply res judicata to enforce repose."

Also see Painters Dist. Coun. No. 38, etc. v. Edgewood Contracting Co., 416 F.2d 1081 (Fifth Cir. 1969).

■ As the Court finds and concludes that the Commission acted in a judicial capacity, that the same disputed issues of fact were before it as are before this Court and that the parties had an adequate opportunity to litigate these issues before the Commission, the principles of res judicata or estoppel by judgment should be applied in this case. In this connection, the Court is of the opinion that the cause of action before the Commission and the cause of action here are not the same, the one before the Commission being an effort to obtain the revocation or suspension of the Defendant's license to do business in Oklahoma as a manufacturer of motor vehicles, whereas, the action in this case is one by Plaintiffs against said Defendant for damages, both however involving the alleged wrongful failure of Defendant to renew the expired franchise agreement. But as the same disputed issues of fact are involved in both proceedings, the Plaintiffs should be estopped by the final determination thereof made by the Commission under the principles of the doctrine of estoppel by judgment. McKee v. Producers' & Refiners' Corporation, 170 Okl. 559, 41 P.2d 466 (1935); Wil-

key v. Southwestern Greyhound Lines, 322 P.2d 1058 (Okl.1958).

For the foregoing reasons the Court will grant Defendant's Motion for Summary Judgment. Counsel for Defendant will prepare an appropriate Judgment and present the same to opposing counsel and then to the Court for signature and entry herein.