**Forrest NELSON, Plaintiff,**

**v.**

**OKLAHOMA STATE ETHICS COMMISSION, Defendant.**

**No. 49509.**

Supreme Court of Oklahoma.

June 15, 1976.

David Nelson, Tulsa, for plaintiff.

Larry Derryberry, Atty. Gen., and Daniel J. Gamino, Asst. Atty. Gen., for defendant.

DAVISON, Justice.

The plaintiff is being investigated for violation of ethics, under 74 O.S.1971 § 1405, by the Oklahoma State Ethics Commission created by 74 O.S.1971 § 1408 and said matter has been set for hearing.

The Legislative Act, 74 O.S. § 1408(b), grants the Ethics Committee power to make rules for such hearings and that such proceedings shall be subject to the Administrative Procedures Act, 75 O.S. § 301.

The Ethics Commission has adopted a rule that would allow "equipment necessary for TV and radio coverage" under certain conditions at such hearings.

Plaintiff's application is for this Court to assume jurisdiction and for writ of prohibition to prohibit the use of televisions or radios at the hearing.

The Ethics Commission was created by the Legislature to hear complaints involving violations of the Oklahoma Code of Ethics for State officials and employees and to make recommendations to the appropriate officials.

The Ethics Committee has been given the power to have a hearing to determine whether or not an employee or State agency has violated any acts prohibited by Title 74 O.S. § 1404 or 1405. In the event the employee or State agency has been found not to have complied with the provisions of said sections, the Commission has only the power to make recommendations to the appropriate officials, 74 O.S. § 1408(b).

The recommendation by the Commission to the appropriate officials if violation of 74 O.S. § 1404 (or § 1405) has been deter-

mined, can only be for private or public reprimand, censoring, expulsion, removal from office, or discharge, whichever is applicable. 74 O.S. § 1406.

The real question involved is whether a hearing before the Ethics Commission must be held in the same manner as a court trial where televisions and radios are barred because of various reasons.

The plaintiff has cited a number of cases where televisions and radios have been barred, all cases having been decided after the promulgation of the rule promulgated by the American Bar Association prohibiting televisions and radios from the courtroom during trial. Theses cases are not applicable to the situation involved here for the reason that the hearing before the Commission is not a court action but an investigative hearing, under an act of the Legislature.

Title 74 O.S.1971 § 1408(c) provides that all hearings before the Ethics Commission shall be open to the public. No provision under the Administrative Procedure Act, supra, or the Act in question prohibits radio or television equipment in hearings held by the Commission.

Plaintiff relies heavily on the case *Groom v. Kawasaki Motors Corp.,* USA, 344 F.Supp. 1000 (D.C.1972).

The facts in the case show that the plaintiff filed an application with the Oklahoma Motor Vehicle Commission to revoke or suspend the license of defendant to do business in Oklahoma as a manufacturer of motor vehicles pursuant to 47 O. S.A. § 565(j). After a hearing, the Commission denied the application. Plaintiff did not pursue the appeal therefrom as provided by statute and the determination of the Commission became final.

Thereafter plaintiffs brought an action in damages against the defendant in Oklahoma County which was removed to the Federal Court on diversity grounds.

Defendant contended that the disputed fact issues which would warrant the Commission to revoke or suspend defendant's license under 47 O.S.A. § 565(j) were the identical fact issues which plaintiff relied on for recovery.

In the case, the defendant urged that the hearing before the Commission was a judicial hearing and that the doctrine of res judicata or estoppel by judgment should apply. The plaintiffs urged that the hearing before the Commission was only an administrative hearing and that such doctrines should not apply.

The trial court granted summary judgment for the defendant on the theory that there had been a judicial proceeding conducted by the Commission under the broad powers given the Commission under the provisions of 47 O.S.A. § 566. The trial court pointed out that under this section of the statute, the Commission had the power to compel the production of records bearing on the complaint and had the power to subpoena and bring before it any witness in the State and other powers not necessary to mention.

The trial court also pointed out that at the hearing before the Commission, both sides were represented by attorneys, the same attorneys that appeared before the trial court, and that the cause of action and evidence was the same.

The cited case is clearly distinguishable from the facts in the present case. The facts in the cited case show that the proceeding before the Commission was clearly an adversary proceeding conducted in its judicial capacity under the broad powers of 47 O.S.A. § 566.

Here the Ethics Commission had no such power.

It has been held that government bodies holding hearings may be televised. In the case of *United States v. Hintz,* D.C., 193 F.Supp. 325, the court stated:

"The pencil and pad has capability of drawing a fine and accurate picture of the proceedings in words and caricatures. The camera and the microphone do not render the proceedings more pub-

lic; they render the picture more precise."

We hold that the rules of civil procedure followed in courts do not apply to administrative proceedings under the facts in the present case.

Application for writ of prohibition denied.

HODGES, V. C. J., and IRWIN, BERRY, LAVENDER and BARNES, JJ., concur.

SIMMS, J., concurs in part and dissents in part.

WILLIAMS, C. J., and DOOLIN, J., dissent.