Alberta S. GILINSKY, Plaintiff,

v.

COLUMBIA UNIVERSITY IN the CITY OF NEW YORK, William Peterson, Chairman, Board of Trustees, Columbia University, William J. McGill, President, Dean George Fraenkel, Dean of Graduate Faculties, Professor Julian Hochberg, Chairman, Department of Psychology, Columbia University, Defendants.

No. 73 Civ. 4211.

United States District Court, S. D. New York.

Nov. 15, 1977.

See also, D.C., 62 F.R.D. 178.

Armand Gilinsky, New York City, for plaintiff.

Cahill, Gordon & Reindel, New York City, for defendants; Floyd Abrams, Joel C. Balsam, George H. Freeman, New York City, of counsel.

LASKER, District Judge.

Columbia University moves for summary judgment dismissing Alberta Gilinsky's individual claim that the University was guilty of sex discrimination in violation of Title VII in denying her a tenured appointment to the Psychology Department. For the reasons stated below, the motion is denied.

The arguments presented in this motion can be understood only in light of the complex history of this case at both the state and federal level. On April 17, 1972, Dr. Gilinsky filed before the Equal Employment Opportunity Commission ("EEOC") a charge of discrimination against various officials of Columbia University ("Columbia"), who denied her application for tenure as a professor of Psychology. Title VII of the 1964 Civil Rights Act, as amended 42 U.S.C. § 2000e–5(c), requires that, if the state in which the alleged discrimination takes place has a local law and agency policing such practices, the complaint

should, in the first instance, be referred to this agency. Gilinsky therefore filed an individual complaint alleging discrimination with the New York State Division of Human Rights which, following four days of hearings, held on March 22, 1974, that Columbia was not guilty of discrimination and ordered the complaint dismissed. On appeal to the State Human Rights Appeal Board, the initial decision was reversed and vacated. Columbia then sought judicial review of the administrative decisions by appealing first to the Appellate Division of the First Department, which affirmed the Appeal Board's finding, and then to the Court of Appeals, which reversed. Gilinsky sought but was denied reargument and then petitioned to the United States Supreme Court for certiorari, which was denied.

On October 2, 1973, before the state proceedings were completed but after the statutorily mandated period for referral to the state had expired, Gilinsky filed this suit, in which she has since been certified as representative of a class alleging sex discrimination against Columbia. During the initial stages of this action, Columbia moved for summary judgment dismissing Gilinsky's complaint. The motion was denied on the ground that a factual dispute existed as to the material question whether the Department to which Gilinsky had applied was then filling vacancies or leaving them open for budgetary reasons. (Memorandum Decision, September 24, 1974) Columbia nevertheless argues that its present motion is appropriate because of legal and factual developments since the denial of its initial summary judgment motion.

Relying on *Mitchell v. National Broadcasting Company,* 553 F.2d 265 (2d Cir. 1977), Columbia argues that res judicata or collateral estoppel effect should be given to the state proceedings. In *Mitchell,* plaintiff filed a complaint with the New York State Human Rights Division, alleging that her discharge was racially motivated. The Division dismissed the complaint for lack of probable cause and was affirmed on appeal by the Human Rights Appeal Board and the Appellate Division of the New York State

Supreme Court. When the plaintiff then sued in federal court under 42 U.S.C. § 1981, her case was dismissed by the District Court on the ground that the prior state administrative and judicial findings were binding on the federal court. While *Mitchell* involved a § 1981 action, Columbia argues that its ruling should apply to Gilinsky's Title VII claim as well since the Court of Appeals, in affirming the District Court, emphasized that its holding was consistent with the deferral requirement of Title VII. The deferral provision, the majority stated, requires only that a state agency be given the opportunity to hear the claim. If a plaintiff seeks state judicial review of the agency finding, however, the deferral requirement is exceeded, and the federal court is bound by the state court decision.

Gilinsky argues that *Mitchell* is inapplicable since that decision depended on the court's finding that plaintiff herself sought state judicial review, thus in effect waiving her right to a federal remedy, while in this case it was Columbia which appealed to the state courts. Columbia counters that: (1) under *Mitchell* it is irrelevant which party initiates state court review·as long as such review actually occurred, and (2) Gilinsky, by appealing to the State Human Rights Appeal Board, went beyond the level of agency action mandated by the deferral provision of Title VII. Gilinsky's interpretation is more persuasive.

The court in *Mitchell* clearly drew the line between administrative and judicial action in deciding when state proceedings become binding on a federal court. 553 F.2d 265, 275, 276. Moreover, the court made it quite clear that it was not deciding that res judicata applied in the situation where a claimant prevails before the state agency and the respondent appeals. To the contrary, the opinion emphasized that if res judicata applied in those circumstances then deferral to state agencies could foreclose the claimant's right to sue in federal court. 553 F.2d 265, 275 n. 13. Once Columbia appealed the agency decision, Gilinsky had

no choice but to defend her position.[1] Indeed, given the state of the law before *Mitchell,* failure to participate in the state court proceedings might have seemed to Gilinsky to reflect adversely on her status in a federal suit.

Gilinsky also points out that the court in *Mitchell* emphasized that its holding did not reach the question whether res judicata should apply to a timely Title VII claim.[2] 553 F.2d 265, 275 n. 13. Title VII, unlike § 1981, clearly grants claimants the right to trial de novo in federal court. *Chandler v. Roudebush,* 425 U.S. 840, 96 S.Ct. 1949, 48 L.Ed.2d 416 (1976), *Alexander v. Gardner-Denver,* 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974). This distinction is crucial since Gilinsky, unlike the plaintiff in *Mitchell,* disputes the factual determinations of the state agency. While the record of the state proceedings may be considered by the federal court in reaching its decision, *Alexander v. Gardner-Denver, supra,* 415 U.S. at 59–60, 94 S.Ct. 1011, it would be altogether inconsistent with the intention of Congress to provide a trial de novo to accord either res judicata or collateral estoppel effect to that record. See *Benneci v. Department of Labor,* 388 F.Supp. 1080 (S.D.N.Y.1975). While we are aware that *Mitchell* suggests a claimant may waive this right by appealing to the state courts, the opinion in no way implies that a person may involuntarily be deprived of a trial de novo.

The motion for summary judgment based on res judicata or collateral estoppel is denied. Whether judgment may be had solely upon review of the record of the state proceedings or whether additional findings of fact are necessary will be decided after a

meeting with the parties to be held forthwith.

It is so ordered.

1. Columbia's claim that Gilinsky's petition for certiorari to the Supreme Court of the United States falls within the *Mitchell* rubric is unpersuasive because it was Columbia which appealed to the courts and it was thereafter appropriate for Gilinsky to protect her rights in any way available to her.

2. Gilinsky argues that her case differs from that of the plaintiff in *Mitchell* for the following additional reasons: (1) Gilinsky began her suit by filing a complaint with the EEOC under Title VII and was referred to the state whereas Mitchell filed suit initially with the state; (2)

the Regional Director of the Human Rights Division found probable cause for Gilinsky's complaint but not for Mitchell's; (3) a hearing was held in Gilinsky's case but not in Mitchell's; (4) Gilinsky has sued in federal court both as an individual and on behalf of a class, which she claims the right to represent even if her individual complaint is dismissed, whereas Mitchell sued only on her own behalf. (Plaintiff's Rebuttal Memorandum at 3–4) While there may be merit to these claims, we do not reach them since we find *Mitchell* clearly distinguishable for the reasons cited above.