**Earl E. COX, Appellant (Plaintiff Below),**

v.

**INDIANA SUBCONTRACTORS ASSOCIATION, INC., et al., Appellees (Defendants Below).**

No. 1–282A29.

Court of Appeals of Indiana, First District.

Oct. 25, 1982.

Rehearing Denied Dec. 6, 1982.

Jon R. Pactor, Indianapolis, for appellant.

Robert J. Hoffman, Michael F. Drewry, Lowe, Gray, Steele & Hoffman, Indianapolis, for defendants-appellees, excepting Marvin E. Ferguson.

John D. Cochran, Jr., Rocap, Rocap, Reese & Young, Indianapolis, for defendant-appellee Marvin E. Ferguson.

ROBERTSON, Judge.

Earl Cox (Cox) appeals the granting of summary judgment in favor of Indiana Subcontractors Association (ISA) and its directors in their individual capacities. Cox initiated this action for breach of contract and tort claims resulting from the termination of his employment with ISA.

We reverse and remand.

The facts[1] disclose that ISA was founded as a non-profit organization to assist the

1. The statement of facts contained in Cox's brief is speculative and argumentative. Although this court recognizes that attorneys often characterize issues and facts in order to zealously represent their clients, the statement of facts is intended to be informative and not

subcontracting industry in 1968. Cox, who helped found ISA, served as an officer and a director from its inception. He maintained the position of executive director or executive secretary until his termination in 1976.

Cox and ISA had executed an employment contract which provided Cox a term of employment from 1974 until September 11, 1982. The other directors thought the contract was too favorable for Cox and a new contract was negotiated between Cox and ISA. The contract provided Cox would receive $23,099 per year as salary for serving as executive vice-president, with no provision for his termination. The contract was to expire on September 5, 1982.

Sometime between the execution of the two contracts, ISA's directors became dissatisfied with Cox's performance and began efforts to find a replacement. Cox alleges the other directors conspired to remove him from his position.

ISA terminated Cox on September 16, 1976. He was also removed from his position as a director, as well as the position of secretary for ISA's board of directors. Later in September, Cox filed a claim for unemployment compensation with the Indiana Employment Security Division. The referee denied the claim and Cox appealed to the Review Board. The Board affirmed the referee's decision that Cox was terminated for just cause.

Cox subsequently filed suit against the president of ISA for defamation. The complaint was amended to include the other directors and ISA as defendants. Cox amended his complaint to include counts of breach of contract, conspiracy by the directors to deprive him of his livelihood, defamation, and intentional infliction of emotional distress.

The individual directors and ISA filed their answers and moved to dismiss the tort claims. In March, 1979, the trial court sustained these motions. Cox filed a motion to correct errors and then initiated the first

appeal. This court ruled that Cox was improperly appealing on interlocutory order. Rehearing and transfer were sought, but were denied. Cox then sought a certification of the dismissal pursuant to Indiana Rules of Procedure, Trial Rule 54. This was also denied.

A trial date of June 15, 1981, was set for the remaining issue of breach of contract. On May 26, 1981, ISA and the directors amended their answers to include the affirmative defenses of res judicata and collateral estoppel. They also moved for summary judgment alleging that the Review Board's decision, that Cox was terminated for just cause, was determinative of the remaining issue and that Cox was collaterally estopped from bringing the breach of contract claim. According to the docket entry, Cox was given seven days to respond. The trial court entered summary judgment prior to conducting a hearing on the motion.

Cox alleges the trial court erred by allowing ISA and the directors to amend their answers and by failing to follow the proper procedures for summary judgment. Cox further alleges the trial court erred by entering summary judgment and by holding that the Review Board's determination collaterally estopped his breach of contract claim. ISA and the directors argue that Cox has not properly preserved the tort issues and has waived them.

The trial court's dismissal of the tort claims in March, 1979, was an interlocutory order subject to modification and revision by the trial court. ISA and the directors allege that Cox has waived the tort issues on appeal because he failed to attack the propriety of the summary judgment entry with respect to its application to all claims.

The issue of whether the trial court erred in dismissing the tort claims is not appropriate for our review. The trial court has merely sustained a motion to dismiss. A trial court's entry sustaining a motion to dismiss without actually entering

persuasive. It is suggested that Cox's counsel direct his attention to *Moore v. State*, (1981)

Ind.App., 426 N.E.2d 86, for guidance.

judgment thereon is insufficient to constitute a final judgment. *Constantine v. City-County Council of Marion Cty.*, (1977) 267 Ind. 279, 369 N.E.2d 636. The appropriate procedure for adjudging a motion to dismiss pursuant to Ind.Rules of Procedure, Trial Rule 12(B)(6), is discussed in *Parrett v. Lebamoff*, (1979) Ind.App., 383 N.E.2d 1107 where it states:

In salient part the rule (T.R. 12(B)(6) provides

"When a motion to dismiss is sustained for failure to state a claim under subsection (B)(6) of this rule the pleading may be amended once as of right pursuant to Rule 15(A) within ten [10] days after service of notice of the court's order sustaining the motion and thereafter with permission of the court pursuant to such rule."

Clearly this language does not contemplate the immediate entry of judgment upon the sustaining of such a motion. Rather it prescribes a procedure similar to the old practice on demurrers. The court should grant the motion, await the expiration of the ten day period and adjudge the dismissal for the failure to plead over. In the alternative the party against whom the motion is granted may advise the court of his election not to plead over and thus authorize entry of judgment.

383 N.E.2d 1109.

In the present case, a final judgment was not entered. Moreover, there is nothing within the summary judgment entry on the contract action which indicates that the trial court entered a final order of dismissal for the tort claims.

 Cox also alleges that the trial court erred by allowing ISA and the directors to amend their answers to raise the defenses of res judicata and collateral estoppel. The policy in our state is to freely allow amendments in order to bring all matters at issue before the trial court.

Since Ind.Rules of Procedure, Trial Rule 15(A), contains no time proscription, the matter of timeliness is within the trial court's discretion. Unless prejudice is shown, it is presumed that there was no error. *State Farm Mutual Auto Ins. Co. v. Shuman*, (1977) Ind.App., 370 N.E.2d 941. An abuse of discretion will only be found if the trial court's judgment is clearly against the logic and effect of the facts and circumstances before the trial court, including all reasonable inferences to be drawn therefrom. *Morphew v. Morphew*, (1981) Ind. App., 419 N.E.2d 770.

 Cox contends the trial court abused its discretion by allowing ISA and the directors to raise affirmative defenses so close to the trial date. He also alleges the rationale given by ISA and the directors, that the awareness of these defenses resulted from discovery, is not supported by the facts. We cannot see how Cox was prejudiced in the instant case by the amendments. Furthermore, the doctrine of administrative res judicata is a recent development in our law. The trial court did not abuse its discretion.

 The next issue Cox presents is whether the trial court erred by finding that the Review Board's denial of benefits estopped his subsequent claims for breach of contract and tort. There are four basic elements of res judicata: 1) the former judgment must have been rendered by a court of competent jurisdiction; 2) the matter now in issue was, or might have been, determined in the former suit; 3) the particular controversy previously adjudicated must have been between the parties to the present suit or their privies; and 4) the judgment in the former suit must have been rendered on the merits. *Peterson v. Culver Educational Foundation*, (1980) Ind. App., 402 N.E.2d 448. Res judicata is typically distinguished by our courts as having two branches: estoppel by judgment [2] and

---

**2.** Estoppel by judgment is distinguished from collateral estoppel in that estoppel by judgment occurs when a prior adjudication by a court of competent jurisdiction is a complete bar to a subsequent action on the same claim between the same parties or their privies. *See, Peterson v. Culver Educational Foundation, supra;*

estoppel by verdict. Collateral estoppel or estoppel by verdict applies when a particular issue is adjudicated and then put in issue in a subsequent suit on a different cause of action between the parties or their privies.[3] In such cases, the former adjudication of the issue is held to bind the parties or their privies in the subsequent litigation. *South Bend Fed. Etc. v. National Ed. Ass'n,* (1979) Ind.App., 389 N.E.2d 23.

▪ Res judicata from an administrative determination was recognized by the Supreme Court in *U. S. v. Utah Construction and Mining Co.,* 384 U.S. 394, 86 S.Ct. 1545, 16 L.Ed.2d 642, (1966), where the Court stated:

> When an administrative agency is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had a adequate opportunity to litigate, the courts have not hesitated to apply *res judicata* to enforce repose.

384 U.S. 422, 86 S.Ct. 1560.

The doctrine was further explained in *Gear v. City of Des Moines,* (S.D.Iowa 1981) 514 F.Supp. 1218. The opinion established the following criteria for determining whether an administrative determination should bar or estop subsequent litigation: 1) whether the issues sought to be estopped were within the statutory jurisdiction of the agency; 2) whether the agency was acting in a judicial capacity; 3) whether both parties had a fair opportunity to litigate the issues; and 4) whether the decision of the administrative tribunal could be appealed to a judicial tribunal. The doctrine of administrative res judicata was recognized by this court in *South Bend Fed., Etc. v. National Ed. Ass'n, supra.*

ISA and the directors also argue that the fact situation in *Gear* is similar to their case and that the *Gear* rationale should be extended to it. The *Gear* analysis is distinguishable because it merely involved a determination of whether the employee voluntarily quit her employment and not the

interpretation of a contract or tort issues. Nor can we accept an argument that the Review Board's determination should collaterally estop the subsequent litigation. The Review Board is not the proper authority to determine complex legal issues involving contract interpretation and tort issues such as defamation, intentional infliction of emotional distress, and conspiracy for deprivation of one's livelihood. The Review Board lacks the requisite training and experience to determine these matters. It is designed to administer unemployment benefits. Moreover, this court has previously held that an adjudication of a breach of contract claim does not collaterally estop a defamation claim. *See, Peterson v. Culver Educational Foundation, supra.* In rendering this opinion, we do not reject the doctrine of administrative res judicata. The doctrine is simply inapplicable to resolve a case as complex as the present one.

▪ There is another reason which compels a reversal of the trial court's judgment. Cox contends the trial court erred by failing to follow the procedural requirements of Ind.Rules of Procedure, Trial Rule 56. This rule provides that the motion must be served at least ten days prior to the hearing on said motion. The record reveals that the trial court granted Cox only seven days to respond to the motion and failed to conduct a hearing.

ISA and the directors argue that Cox has not been harmed by the procedural deficiencies because Cox responded to the motion within seven days and that the trial court conducted a hearing on the motion to correct errors. The supreme court has ruled that prejudice is presumed when the trial court fails to follow the procedures contained T.R. 56. *Otte v. Tessman,* (1981) Ind., 426 N.E.2d 660. To hold that Cox was not prejudiced by the procedural deficiencies would contradict the dispositive ruling of *Otte* and the express language of T.R. 56.

---

*South Bend, Fed. Etc. v. National Ed. Ass'n, supra.*

**3.** The parties admitted during oral argument that this case involved collateral estoppel.

ISA and the directors assert that Cox has failed to preserve this issue on appeal. Upon reviewing Cox's motion to correct errors and supporting memorandum, as well as his brief, we are convinced that Cox has preserved this issue. Additionally, the trial court's failure to adhere to procedural requirements is in the nature of a fundamental error since the failure impinges upon Cox's rights to due process and fundamental fairness.

The trial court's judgment is reversed and remanded for proceedings not inconsistent with this opinion.

RATLIFF, P.J., and NEAL, J., concur.