**Manuel NAVARRO, Plaintiff–Appellant,**

**v.**

**William BIERNAT, Mary Biernat, Manuel Santos, L.A. Construction Co., a partnership, and L.A. Construction Co., Inc., (a corporation organized under the laws of the State of Indiana) Defendants–Appellees.**

No. 37A03–8809–CV–290.

Court of Appeals of Indiana, Third District.

Nov. 14, 1989.
Rehearing Denied Feb. 20, 1990.

Kathryn D. Schmidt, Burke, Murphy, Costanza & Cuppy, Merrillville, for plaintiff-appellant.

John L. Kelly, Jr., Merrillville, for defendants-appellees.

GARRARD, Presiding Judge.

Manuel Navarro (Navarro) appeals the trial court's ruling that his motion for clarification, entry of final judgment, and leave to amend were untimely. We reverse.

## Procedural History

The action was originally filed in July of 1984. Navarro's complaint was dismissed pursuant to Indiana Rules of Procedure, Trial Rules 9(B) and 12(B)(6). Navarro was first given thirty days to amend and was, as part of an order correcting the dismissal, granted an additional fifteen days.

Navarro missed the deadline by twenty-five days when he filed his first amended complaint on December 2, 1985. Counts I and II of that complaint were for fraud, misrepresentation, and breach of the alleged partnership agreement and named as defendants William Biernat, Mary Biernat, Manuel Santos, L.A. Construction Co., (a partnership) and L.A. Construction Co., Inc. Count III, directed only towards William Biernat, sounded in fraud and requested compensatory and punitive damages.

The various defendants (hereinafter collectively referred to as Biernat) jointly moved to strike the amended complaint and filed a memorandum in support. After corrections, the court ruled that the allegations of fraud were still not sufficiently pleaded. Thus, the court treated the motion to strike as one to dismiss and granted it on July 21, 1986.

In March of 1988 Navarro's new counsel filed a motion for clarification of that July 1986 entry. In the alternative, Navarro asked that the dismissal entry be deemed a final appealable order. Navarro also moved for leave to file a second amended complaint. In response to those motions, the trial court made the following entry:

The Court hereby finds the filing of said motions nineteen (19) months after the July 1986 ruling are [sic] not timely filed [sic]. Therefore, the court elects not to address the merits of the motions as filed.

The court hereby finds that it lacks jurisdiction to rule on said motions as previously filed by Plaintiff pursuant to statutory time limits contained in Trial Rules Fifty–Nine (59) and Sixty (60).

(R. 100). From this order Navarro appeals.

## Discussion

■ Navarro argues that the trial court's July 1986 dismissal was not a final appealable order and, as such, the court's analysis of this matter as controlled by the time constraints of Trial Rules 59 and 60 is erroneous. Navarro's position is that be-

cause the trial court's order of dismissal was directed only to the plaintiff's continued failure to sufficiently plead fraud, its other claims for relief as stated in the first amended complaint remained pending. We agree.

The trial court's partially corrected July 1986 entry reads in part as follows:

> [T]he Court finds that the argument set forth in Defendant's brief ... in Section 7 [sic] is correct.... The allegations of fraud are still not sufficiently plead and therefore the Motion to Strike shall now be treated as a Motion to Dismiss the Amended Complaint and its allegations as to fraud.
>
> The Motion to Dismiss is now granted.

(R. 50).

Those aspects of Navarro's amended complaint alleging fraud were dismissed for failure to comply with Trial Rule 9(B). As Professor Harvey notes, "[t]he failure to meet the requirements of Rule 9(B) means that the pleader has not stated a claim for relief" (footnote omitted) and such a finding will be the basis for dismissal per Trial Rule 12(B)(6). 1 Harvey, *Indiana Practice* § 9.2 (2nd ed.1987). Biernat's motion to strike and memorandum in support argued for striking both on Trial Rule 9(B) grounds and because Navarro failed to plead over within the time provided by the trial court. The second prong of Biernat's motion, the failure to timely amend, would, if granted, have disposed of the entire action, but apparently the trial court chose not to grant it. Alternatively, if the trial court intended to dismiss the entire action, its order, even as partially corrected, failed to so notify Navarro.

The first amended complaint stated claims other than fraud, including breach of the oral partnership agreement. Trial Rule 8(E)(2) provides that:

> A pleading may set forth two [2] or more statements of a claim ... either in one [1] count or defense or in separate counts or defenses. *When two [2] or more statements are made ... and one*

of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements.

(emphasis added) Consequently, when the trial court dismissed the allegations of fraud, the other claims for relief remained pending. "Once a case is commenced it remains pending until it is either dismissed or adjudicated." Wright & Miller, *Federal Practice and Procedure; Civil* § 2370 (Rule 41).

■ Navarro's claim was neither adjudicated nor finally dismissed when the March 1988 motions were filed. The July 1986 dismissal was not a final appealable order as entered and none of the parties petitioned the trial court to so rule. *Cox v. Indiana Subcontractors Ass'n., Inc.* (1982), Ind.App., 441 N.E.2d 222, 225. Thus, the trial court's subsequent decision to treat Navarro's March 1988 motions as controlled by Trial Rules 59 and 60 was erroneous. On the record before us we cannot conclusively determine the applicability of Trial Rule 41(E), so we remand this matter to the trial court for a hearing pursuant thereto [1] or for such other further proceedings consistent herewith as may be necessary.

MILLER, J., concurs.

STATON, J., concurs and files separate opinion.

STATON, Judge, concurring.

I concur with Judge Garrard's analysis of the procedural action taken. However, the entry by the trial court leaves so much in doubt regarding the remaining issues that any other procedural analysis under Indiana Rules of Procedure would be highly unlikely. Although a considerable amount of time had passed before any action was taken by the plaintiff, the trial court is the primary mover to clear its dockets in an unmistakable fashion.

---

1. That Navarro is currently attempting to diligently prosecute this action need not excuse the nineteen month delay should the trial court find that delay otherwise unjustifiable. *See* Wright & Miller, *Federal Practice and Procedure: Civil* § 2370 (Rule 41).

Therefore, Navarro should be allowed to proceed with his claim.