Bryon **UYLAKI,** Appellant–Plaintiff,

v.

**TOWN OF GRIFFITH, Town Councilmen of Griffith, Department of Public Works, The Chief Executive Officer, Political Subdivision of Indiana, Appelles–Defendants.**

No. 45A05–0706–CV–307.

Court of Appeals of Indiana.

Dec. 27, 2007.

Kevin W. Marshall, Law Office of Smith & Marshall, Hammond, IN, Attorney for Appellant.

Lyle R. Hardman, Hunt, Suedhoff, Kalamaros, L.L.P., South Bend, IN, Attorney for Appellees.

## OPINION

BRADFORD, Judge.

Appellant-plaintiff Bryon Uylaki appeals from the trial court's dismissal of his wrongful termination claim against appellees-defendants the Town of Griffith, Town Councilmen of Griffith, the Department of Public Works, and the Chief Executive Officer, political subdivision of Indiana (collectively, "the Town"). We affirm.

## FACTS

The Town hired Uylaki as a truck driver in January of 2004. On August 14, 2005, Uylaki injured his back in an automobile accident and began taking methadone, Vicodin, and Percocet for pain. On November 2, 2005, Uylaki told his supervisor Fred Boggs "that he wanted to take a few days off because he was having trouble with Vicodin[ ]." Appellant's App. p. 36. The Town then issued a disciplinary action form to Uylaki providing that by November 11, 2005, he was to report back to work and provide proof that he had enrolled in a substance abuse program at his own expense.

On November 6, 2005, Uylaki sought treatment at St. Margaret Mercy Healthcare Centers but was told that day that he would not be accepted until his doctor weaned him from his current medications. On November 11, 2005, Boggs telephoned Uylaki and reminded him that he had until 3:30 p.m. to deliver proof of enrollment in a substance abuse treatment program. Uylaki did not deliver any proof by the appointed time but, rather, appeared at Boggs's home at approximately 5:00 p.m. with a letter from St. Margaret's explaining his rejection. Boggs refused to accept the letter and Uylaki was discharged.

After a deputy from the Indiana Department of Workforce Development ("the Department") determined that Uylaki had been discharged for good cause, thereby precluding him from receiving unemployment insurance, Uylaki appealed to an administrative law judge ("ALJ"). On March 7, 2006, the ALJ heard Uylaki's appeal. Both the Town and Uylaki were represented by counsel, and Boggs testified for the Town. The ALJ concluded that

the Town had discharged Uylaki for just cause.

■ Uylaki then appealed the ALJ's decision to the Department's Review Board ("the Board"), which, on May 5, 2006, denied his requests for a hearing and to submit additional evidence and affirmed the ALJ's determination. Uylaki did not appeal the Board's decision to the Court of Appeals. On May 11, 2006, Uylaki filed a wrongful discharge action against the Town.[1] The Town filed a motion to dismiss Uylaki's claim, which motion the trial court granted. The trial court also denied Uylaki's motion to set aside its order dismissing his claim.

## DISCUSSION AND DECISION

■ Uylaki contends that the trial court erred in granting the Town's motion to dismiss. This court's standard of review of the grant of a motion to dismiss pursuant to Indiana Trial Rule 12(B)(6) is *de novo*. *Richter v. Asbestos Insulating & Roofing*, 790 N.E.2d 1000, 1002 (Ind.Ct. App.2003), *trans. denied*. A motion to dismiss for failure to state a claim tests the legal sufficiency of the complaint, not the facts supporting it. *Id.* Dismissal is appropriate when this court is legally certain that the plaintiff would not be able to prevail under any set of facts. *Id.* The focus of a motion to dismiss resides with the complaint. *Id.*

■ The Town, on the other hand, contends that the trial court properly granted its motion to dismiss because Uylaki's wrongful discharge claim is precluded by administrative collateral estoppel. In general, "collateral estoppel applies where a particular issue is adjudicated and then put in issue in a subsequent suit on a different cause of action between the same parties or their privies." *McClanahan v. Remington Freight Lines, Inc.*, 517 N.E.2d 390, 394 (Ind.1988) (citation omitted). "Collateral estoppel is a derivative of *res judicata*." *Id.* In the particular case of administrative collateral estoppel, the Indiana Supreme Court has adopted the following test:

1) whether the issues sought to be estopped were within the statutory jurisdiction of the agency;

2) whether the agency was acting in a judicial capacity;

3) whether both parties had a fair opportunity to litigate the issues;

4) whether the decision of the administrative tribunal could be appealed to a judicial tribunal.

*Id.* (citing *Gear v. City of Des Moines*, 514 F.Supp. 1218, 1220 (S.D.Iowa 1981)).

Application of the *McClanahan* tests leads us to the conclusion that Uylaki's claim is barred by administrative collateral estoppel. There is no dispute that Uylaki's unemployment insurance claim was within the jurisdiction of the Department, that the Department was acting in a judicial (as opposed to rule-making) capacity when it denied his claim, and that the Board's final disposition could have been appealed to this Court, even though it was not. In our view, this case turns on the question of whether both parties had a fair opportunity to litigate the issue of whether Uylaki was discharged for good cause.

At the hearing before the ALJ, both Uylaki and the Town were represented by counsel, and both had the opportunity to call witnesses and present evidence. Although the hearing may have been relatively short and somewhat informal, there

---

1. "[A]n employee who has been fired for exercising a statutory right or for refusing to violate the law has a claim for wrongful discharge." *Cantrell v. Morris*, 849 N.E.2d 488, 494 (Ind.2006).

is no indication that Uylaki was prevented from submitting any evidence or calling witnesses on his behalf.

Uylaki also contends that the Board's refusal to hold another hearing or allow him to present additional evidence denied him the opportunity to fairly litigate the issue. This contention appears to be primarily based on the Board's refusal to allow Uylaki to submit an affidavit sworn out by his wife. In the affidavit, Uylaki's wife contends that Boggs told her that he would stop by their house to retrieve the letter from St. Margaret's denying Uylaki admittance into their substance abuse program. We do not agree that the Board's refusal to allow additional evidence denied Uylaki a fair opportunity to litigate the issue.

First, even if the Board *had* admitted the affidavit and believed it, it would not have made any difference. In the end, the letter was not the proof of enrollment that the Town required, it was merely proof of a program's *refusal* to admit Uylaki. Moreover, Uylaki does not explain why his wife could not have testified at the hearing before the ALJ; nothing in her affidavit seems at all akin to newly discovered evidence. It is important to keep in mind that all that is required is a fair opportunity to litigate the issues, not that they actually be fully litigated, although we do not mean to suggest that they were not in this case. We believe that Uylaki had a fair opportunity to fully litigate the issues, even if he may not have fully exploited

that opportunity.[2] We conclude that administrative collateral estoppel applies, and the trial court, therefore, correctly dismissed Uylaki's claim.

The judgment of the trial court is affirmed.

BAKER, C.J., and DARDEN, J., concur.

---

2. *McClanahan*, on which Uylaki relies and in which the Indiana Supreme Court declined to apply administrative collateral estoppel against an employer, is factually distinguishable. In that case, the referee of the initial hearing acted as the chief questioner, and neither party was represented by counsel. *McClanahan*, 517 N.E.2d at 395. The court noted that cross-examination was minimal and ineffective, a situation we have no reason to believe was the case here. *Id.* Moreover,

while the employer in that case chose not to appeal the award of unemployment insurance to McClanahan, it likely would have had it known that it would later be served with a wrongful discharge action for substantial damages. *Id.* Under such circumstances, the employer may very well have decided that it was cheaper to accept the award than to continue to fight, and it likely would be unfair to make that decision *res judicata* in a later action when the stakes are much higher.