**Angelo BENNECI, Plaintiff,**

v.

**DEPARTMENT OF LABOR, NEW YORK STATE DIVISION OF EMPLOYMENT and the State of New York, Defendants.**

**No. 74 Civ. 3901.**

United States District Court,
S. D. New York,
Jan. 9, 1975.

Angelo J. Benneci, pro se.

Louis J. Lefkowitz, New York City, Atty. Gen., of the State of New York, for defendants; Lloyd G. Milliken, Asst. Atty. Gen., of counsel.

## MEMORANDUM AND ORDER

WHITMAN KNAPP, District Judge.

This case concerns the proper relationship between federal courts and state administrative procedures in the resolution and enforcement of an individual's rights to equal employment opportunities under Title VII of the Civil Rights Act of 1964, 78 Stat. 253, 42 U.S.C. § 2000e et seq.

On September 10, 1969, plaintiff filed a complaint with the New York State Division of Human Rights charging the

State Department of Labor, the State Division of Employment and several of his fellow employees with an unlawful discriminatory practice relating to the terms and conditions of his employment because of his religion and national ancestry. The proceeding was brought under Article 15 of the New York State Executive Law, McKinney's Consol.Laws c. 18.

After a hearing at which plaintiff was represented by counsel, the Commissioner of the State Division of Human Rights made his findings of fact and determined that there were no unlawful discriminatory practices. Plaintiff appealed to the State Human Rights Appeal Board which affirmed the Commissioner's determination, and then, pursuant to § 298 of the Executive Law, plaintiff appealed to the Appellate Division of the New York Supreme Court. That court confirmed the administrative determinations.

Having failed in the state system, plaintiff next filed a complaint with the Equal Employment Opportunity Commission. In May, 1974, the Commission found no reasonable cause to believe that the defendants had committed any unlawful employment practices in violation of Title VII. After that determination, plaintiff instituted suit in this court.

■ Upon a recitation of the above chronology, the defendants in this action urge this court to grant summary judgment on their behalf. Although the defendants do not state in their papers why they are entitled to such a disposition as a matter of law, they imply that since the plaintiff prosecuted a nearly identical claim under New York's Human Rights Law and had the administrative determination reviewed by the Appellate Division, plaintiff should be estopped from bringing this action in federal court. Such a position, however, is contrary to both the purposes of Title VII and to strong judicial precedent.

The Supreme Court in the recent case of Alexander v. Gardner-Denver Co. (1974) 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 unanimously affirmed that the provisions of 42 U.S.C. § 2000e et seq. "make plain that federal courts have been assigned plenary powers to secure compliance with Title VII." The Court noted that by enacting Title VII to assure equality of employment opportunities, cooperation and voluntary compliance were selected as the preferred means for achieving this result.

"To this end, Congress created the Equal Employment Opportunity Commission and established a procedure whereby existing State and local equal employment opportunity agencies, as well as the Commission, would have an opportunity to settle disputes through conference, conciliation, and persuasion before the aggrieved party was permitted to file a lawsuit."

This was the very procedure followed by plaintiff before instituting suit in this court. To accept the defendants' argument that plaintiff's compliance with these procedures thereby estops him from litigating his claims would certainly contravene the purpose of the statutory scheme.

■ A review of some of the provisions of 42 U.S.C. § 2000e–5 demonstrates clearly that Congress intended the federal remedy to be separate and independent from any state remedy.

First of all, in a state like New York which has its own law prohibiting employment discrimination, the federal statute—42 U.S.C. § 2000e–5(d)—requires a plaintiff to exhaust his state remedies before filing a claim with the EEOC. After receiving notice that the state has terminated the proceeding, the plaintiff then has thirty days to file his claim before the Commission. 42 U.S.C. § 2000e–5(e). If the EEOC then renders an adverse decision—such as in this case—the aggrieved party can within a specified time—bring a civil action on his own in the federal courts. 42 U.S.C. § 2000e–5(f)(1).

■ There can be little question that once the district court acquires jurisdiction, Title VII gives it such plenary power to conduct a full scale inquiry into the charged unlawful employment practice and to make *de novo* findings of fact. See, Alexander v. Gardner-Denver Co., *supra,* 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147; Voutsis v. Union Carbide Corporation (2d Cir. 1971) 452 F.2d 889, cert. denied, 406 U.S. 918, 92 S.Ct. 1768, 32 L.Ed.2d 117. As the Second Circuit stated in *Voutsis:*

> "The Congressional policy here sought to be enforced is one of eliminating employment discrimination, and the statutory enforcement scheme contemplates a resort to the federal remedy if the state machinery has proved inadequate. The federal remedy is independent and cumulative . . . and it facilitates comprehensive relief."

452 F.2d at 893. The holding in *Voutsis* squarely rejects the application of the doctrines of res judicata and collateral estoppel as bars to a federal court Title VII complaint where there had been prior state agency action.

The fact that the Appellate Division affirmed the state agency's determination is of no consequence. Under § 298 of the Executive Law, the Appellate Division is not given plenary power to try the case *de novo.* The scope of review is limited to a determination of whether the findings of fact on which an agency order is based are "supported by sufficient evidence on the record considered as a whole." If so, such findings are considered "conclusive." Executive Law § 298.

It is clear, therefore, that summary judgment would be improper in this case. The principal factual dispute—the question of the existence of discrimination based on religion, sex, or national origin —is a *de novo* issue before this court.

Accordingly, the defendants' motion for summary judgment must be denied.

So ordered.